# 99 DTA 119

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL CAROLINA - FAJARDO**

JULIO VELAZQUEZ CRUZ Y OTROS
Recurridos

v.

CACIQUE MOTORS Y OTROS
Peticionarios

Núm. KLCE-99-00210

San Juan, Puerto Rico, a 18 de marzo de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Se recurre, mediante *certiorari* y moción de auxilio de jurisdicción, de una resolución del Tribunal de Primera Instancia, Sala Superior de Carolina, que declaró sin lugar una moción presentada por el peticionario Cacique Motors, para que se desestimara una demanda presentada por el recurrido Julio Velázquez, por no agotar los remedios administrativos.

Inconforme, Cacique Motors acude ante nos señalando que erró el tribunal de instancia al denegar su solicitud de desestimación.

Atendido el recurso y la moción de auxilio, se deniegan ambos, por los siguientes fundamentos.

## I

Los hechos que dan lugar a la presente reclamación, sin pasar juicio sobre los mismos, son los siguientes.

El 13 de enero de 1998, el recurrido le compró un vehículo al peticionario Cacique Motors. El día 12 de enero, se había adelantado un pago de $2,695.25 y el 13 de enero, hizo un pago de $3,000.00, el cual se le informó, que se utilizarían para el pago del pronto del automóvil y para la póliza de seguro de doble interés y responsabilidad pública.

Con fecha de 29 de enero de 1998, el carro fue apropiado ilegalmente e inmediatamente el recurrido lo informó a la Policía y comenzó a gestionar la cubierta de los seguros. Luego de varias gestiones infructuosas, la compañía aseguradora le informó que su reclamación no estaba cubierta.

El recurrido, el 2 de abril de 1998, escribió cartas al Comisionado de Seguros y al Comisionado de Instituciones Financieras, donde interesaba que se investigara porqué la fecha de efectividad de los contratos era el 30 de enero de 1998, si alegadamente la compra del automóvil se había efectuado el 13 de enero. Además, las razones por lo cual su reclamación sobre el pago del vehículo de motor que fue apropiado ilegalmente no estaba cubierta.

Para el 1ro de noviembre de 1998, el recurrido presentó en el Tribunal de Primera Instancia demanda por daños y perjuicios, cobro de dinero e incumplimiento de contrato. Reclamó a Cacique Motors y a sus compañías aseguradoras, el reembolso de lo que ya había pagado de pronto pago, las mensualidades que continuaba pagando aún sin disfrutar del vehículo, una suma por angustias mentales y otra en concepto de honorarios de abogado.

La peticionaria presentó una solicitud de desestimación de la demanda presentada por el recurrido, alegando que no se habían agotado los remedios en las agencias administrativas, por lo tanto el foro judicial no tenía jurisdicción para atender la demanda. El tribunal declaró sin lugar la solicitud de desestimación e inconforme con el dictamen se acude ante nos.

## II

El derecho aplicable al caso de autos, se discute a continuación.

El Comisionado de Instituciones Financieras está facultado para fiscalizar y supervisar las instituciones financieras que operan en Puerto Rico y el Comisionado de Seguros, para realizar las investigaciones e

inspecciones necesarias para determinar si se ha violado el Código de Seguros. 7 L.P.R.A. sec. 2003 (Supl. 1998); 26 L.P.R.A. sec. 203, *Associated Insurance Agencies. Inc. v. Comisionado de Seguros de P.R.,* opinión del 26 de noviembre de 1997, **97 J.T.S. 142**, págs. 334-335; *Comisionado de Seguros v. Bradley*, 98 D.P.R. 21, 31 (1969).

Ambos organismos gubernamentales están facultados en ley para imponer multas y otras sanciones de carácter administrativo en aquellos casos que se pruebe que se han violado sus reglamentos. Regla 25 del Reglamento de la Oficina del Comisionado de Instituciones Financieras, de 23 de junio de 1989; Sec. 204-53 del Reglamento de la Oficina del Comisionado de Seguros, 1994.

La doctrina de agotamiento de remedios administrativos establece que los tribunales deben abstenerse de revisar actuaciones de agencias gubernamentales, hasta que éstas hayan tenido la oportunidad de considerar todos los aspectos de la controversia presentada ante sí. *Junta Examinadora de Tecnólogos Médicos v. Elías y otros,* opinión del 26 de noviembre de 1997, **97 J.T.S. 141,** pág. 321.

La doctrina se fundamenta en la delegación que válidamente le otorga el poder legislativo a las agencias administrativas para resolver ciertos asuntos en primera instancia. Al aplicar el peritaje, la agencia se encuentra en mejor posición para tomar una determinación, la cual luego puede ser revisada judicialmente. *Junta Examinadora v. Amneris Elías*, opinión de 26 de noviembre de 1997, **97 J.T.S. 141,** pág. 321; Fernández Quiñones, Demetrio, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, Editorial Forum, 1993, págs. 449-450.

## III

Si aplicamos el derecho discutido a los hechos ante nuestra consideración, concluimos que el tribunal actuó conforme a derecho al denegar la desestimación solicitada por el peticionario.

La doctrina de agotamiento de remedios no es de aplicación a la presente situación de hechos, pues lo solicitado por el recurrido en su demanda no constituye la misma reclamación presentada ante los foros administrativos, en particular sobre los remedios de daños y perjuicios.

El Comisionado de Seguros y el de Instituciones Financieras no tienen autoridad en ley para concederle al recurrido, según lo alegado, el reembolso de lo pagado por el automóvil hurtado, tanto en concepto de pronto pago como de mensualidades por el incumplimiento de contrato, ni tienen autoridad para indemnizarlo en daños y perjuicios.

El resultado de la gestión administrativa ante la Oficina del Comisionado de Seguros y de Instituciones Financieras, sólo daría lugar a sanciones y multas a las compañías aseguradoras, de resolverse que dichas entidades violaron las respectivas leyes que estas oficinas fiscalizan.

Por lo tanto, el tribunal no está obligado a paralizar el proceso judicial en espera de una determinación administrativa que no va a considerar, por ausencia de jurisdicción, los remedios que se han invocado ante su atención.

Concluimos que no erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación.

## IV

Por los anteriores fundamentos, se deniega la moción en auxilio de jurisdicción y el recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General